WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Lee Mitchell, | No. CV 12-0178-TUC-BPV |
| Petitioner, | **ORDER** |
| vs. | |
| Sandra Phillips, et al., | |
| Respondent. | |

On March 13, 2012, Petitioner, Jeffrey Lee Mitchell, filed a Petition titled "Ex Parte Habeas Corpus" ("Petition"). (Doc. 1.)[1] The Court dismissed the Petition with leave to amend. (Doc 5.) On June 4, 2012, Petitioner filed an amended petition ("Amended Petition"). (Doc. 6.) Respondents have filed an answer to the Amended Petition ("Answer") with exhibits A through U attached. (Docs. 17-18). Petitioner did not file a reply.

In accordance with provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 19) On November 19,

---

[1] "Doc." refers to the documents in this Court's file.

2013, this matter was reassigned to Magistrate Judge Bernardo P. Velasco. (Doc. 20)

For the reasons discussed below, the Magistrate Judge dismisses the first claim of Ground One, and Grounds Two through Four.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Proceedings in the Trial Court

On September 16, 2008, Petitioner signed a plea agreement and entered a plea of no contest to one count of unlawful use of a power of attorney, an undesignated class six felony. (Ex. A, Plea Agreement; Ex. C, Minute Entry 9/16/08.)[2] Before sentencing he moved to withdraw his plea, claiming that the State, through its agent the Department of Public Safety, had breached the terms of the plea in the denial of a fingerprint clearance card on grounds that Petitioner entered a plea to a "theft" offense. (Ex. D.) Petitioner asserted that had he known his conviction was going to be designated a "theft" he would not have entered the no contest plea. (Ex. F, Reporter's Transcript ("R.T.") 12/22/08, at 5.)  The trial court denied the motion after a hearing, finding it "difficult to believe" that Petitioner did not understand that the nature of what he was pleading to was theft, that there was no indication that the State had violated any of the terms of the plea agreement, and that the Petitioner entered the plea knowingly, intelligently, and voluntarily. (Ex. F, at 21–23; Ex. G.) On January 14, 2009, the court imposed a 2-year term of probation.[3]

---

[2] Unless otherwise noted, exhibits attached to the State's Answer, are referenced throughout as "Ex. ___."

[3] This term of probation was extended for three years to January 14, 2014. *See* Hearing Re: Petition to Extend Probation, November 3, 2010, attached as Exhibit A to this Order.

(Ex. H–I.)

B.      Petition for Post-Conviction Relief

On April 14, 2009, Petitioner filed a notice of post-conviction relief. (Ex. J). Petitioner, through counsel, filed a petition for post-conviction relief ("PCR") on October 9, 2009. (Ex. K.) On January 6, 2010, the trial court dismissed the PCR without a hearing, addressing the merits of the petition and finding that none of the claims raised presented a material issue of fact or law which would entitle Petitioner to relief under Rule 32. (Ex. N).

On February 4, 2010, Petitioner filed a "Petition for Review from Denial of Post-Conviction Relief" with the Arizona Court of Appeals. (Ex. O.) Petitioner raised three claims that the trial court had abused its discretion: 1) when it concluded that Petitioner had not shown an insufficient factual basis supported the plea; 2) in failing to find that the evidence supported a colorable claim of actual innocence; and 3) in dismissing Petitioner's claims of ineffective assistance of counsel and manifest injustice without a hearing. (Ex. O.)   The court of appeals denied relief in a memorandum decision on June 10, 2010. (Ex. Q.)

Petitioner filed a "Petition for Further Review from Denial of Post-Conviction Relief" on August 10, 2010, with the Arizona Supreme Court. (Ex. R.) The Arizona Supreme denied review on December 21, 2010. (Ex. S) The mandate issued on February 28, 2011. (Ex. T.)

C.     Federal Habeas

On March 13, 2012, Petitioner filed an "Ex Parte Habeas Corpus" (the original Petition) which was dismissed with leave to amend. (Docs. 1-5) Petitioner filed an Amended Petition on June 4, 2012. (Doc. 6.) Petitioner presents four grounds in the Amended Petition in support of his request for habeas relief:

(1)     Petitioner's trial counsel was ineffective for (a) failing to explain to Petitioner that pleading "no contest" was actually a guilty plea and (b) failing to inform him that the unlawful use of a power of attorney was a theft or felony offense[4];

(2)     There was an insufficient factual basis to convict Petitioner;

(3)     Petitioner is actually innocent because he did not sign anything on the victim's behalf; and

(4)     Petitioner is actually innocent because no power of attorney was used and the victim was not denied rent because the appraisal shows that she received more than the rent factor.

II.     **DISCUSSION**

A.     Standard of Review

Because Mitchell filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

---

[4] The Court refers to these separate sub-claims as Ground One (a) and (b) respectively.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.**   Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]"  28 U.S.C. § 2244(d)(1)(A).  "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

**C.**   Exhaustion of State Remedies

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260

1    (1986).

2           In Arizona, there are two primary procedurally appropriate avenues for petitioners

3    to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of

4    the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a

5    petitioner is precluded from relief on any claim that could have been raised on appeal or

6    in a prior PCR petition. Ariz.R.Crim.P. 32.2(a)(3). The preclusive effect of Rule 32.2(a)

7    may be avoided only if a claim falls within certain exceptions (subsections (d) through

8    (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior

9    petition or not presented in a timely manner. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(b),

10   32.4(a).

11          A habeas petitioner's claims may be precluded from federal review in two ways.

12   First, a claim may be procedurally defaulted in federal court if it was actually raised in

13   state court but found by that court to be defaulted on state procedural grounds. *Coleman*,

14   501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed

15   to present it in state court and "the court to which the petitioner would be required to

16   present his claims in order to meet the exhaustion requirement would now find the claims

17   procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d

18   923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim

19   could be pursued by any presently available state remedy). If no remedies are currently

20   available pursuant to Rule 32, the claim is "technically" exhausted but procedurally

21   defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S.

152, 161-62 (1996).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

D.   <u>Analysis</u>

      *1.    Limitation Period Under § 2244(d)(1)(A)*

Upon review of the record, the Magistrate Judge finds that, pursuant to the AEDPA, the Amended Petition is timely. Respondents submit that the Amended Petition exceeded the 1-year statute of limitations and there is no statutory or equitable basis for tolling the limitations period.   (*See* Answer, at 4-8.)   Respondents assert that the judgment became final on December 21, 2010, the date on which the state supreme court denied review. Respondents further argue that, even if the limitation period was tolled through February 28, 2011, the date on which the court of appeals issued the mandate order, or, if it was tolled during the 90-day period in which Petitioner could have filed a petition for writ of certiorari from the state supreme court's denial of review on December 21, 2010, the habeas petition is untimely. Under either of these scenarios, by Respondents calculation Petitioner's federal petition, filed on June 4, 2012, is untimely.

Mitchell had until one year after his conviction and sentence became final to file his federal petition. The first "of-right proceeding," available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).  Thus, "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Id*; *see* 28 U.S.C. § 2244(d)(1)(A) (stating that the judgment becomes final at the later of

either the conclusion of direct review or the expiration of time for seeking such review).

Petitioner stated in the Amended Petition that it was his sincere belief that the petition "falls in the time period," citing "Exhibit 5" "[p]lus mailing time and 30 day effort to appeal." (Doc 6, at 153.) It appears that Petitioner calculated the limitations period to include a 30 day time period for further review following the issuance of the mandate. This calculation is in error. For Arizona petitioners who enter a guilty plea, like Petitioner herein,  a petition for post-conviction relief filed under Rule 32 of the Arizona Rules of Criminal Procedure, in lieu of a direct appeal, is considered a form of "direct review" within the meaning of 28 U.S.C. §2244(d)(1).  *See Summers*, 481 F.3d at 711, 716-17 (referring to such post-conviction relief proceedings as "Rule 32 of-right proceedings..." and concluding that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of time for seeking such proceeding or review."); *see also* 28 U.S.C. §2244(d)(1)(A) (stating that the judgment becomes final at the later of either the conclusion of direct review or the expiration of time for seeking such review).  Because Mitchell's Rule 32 of-right proceeding was a form of direct review under § 2244(d)(1)(A), AEDPA's statute of limitations did not begin to run until 90 days after the Arizona Supreme Court denied his petition for review on December 21, 2010. *See* Sup.Ct.R. 13; *Summers*, 481 F.3d at 717. Thus, Petitioner had 365 days from March 21, 2011, or until March 21, 2012, to file his federal habeas petition.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petitioner's original Petition was timely filed on March 13, 2012. Although the Court dismissed the original Petition for failure to file on a court approved form, the action was not dismissed and the case was still active when Petitioner filed his Amended Petition. Petitioner's Amended Petition was filed on June 4, 2012, after the limitations period expired. Thus, in order to be considered timely, any new claims in the Amended Petition that were not included in the original petition must relate back to the claims in the original petition. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). An amendment relates back to the original when the amended claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Court finds that the claims in Amended Petition relate back to the original, timely filed Petition, and thus concludes that the Amended Petition is timely.

## 2.   *Exhaustion*

In Ground One (a) Petitioner argues that his counsel was ineffective, in part, for failing to inform him that "pleading no contest was actually a guilty plea." Respondent argues that Ground One (a) of the Amended Petition is unexhausted. To the extent Petitioner is asserting he did not know he was entering a plea, Respondents are correct. In Petitioner's PCR, he argued that he did not understand the charges to which he had pled because counsel was ineffective in informing him that he was pleading to a felony charge of theft. Petitioner did not argue that he did not know he was entering a plea.

If Petitioner were to return to state court now to litigate this claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of

Criminal Procedure because it does not fall within an exception to preclusion. Ariz.R.Crim.P. 32.2(b); 32.1(d)-(h). Therefore, because Petitioner's claim was procedurally defaulted on independent and adequate state law grounds, the Court will not review it. *See Coleman*, 501 U.S. at 729, ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). This claim is technically exhausted but procedurally defaulted. Petitioner filed no reply, and presents no cause for the default. Accordingly, Ground One (a) is dismissed.

### 3.    Cognizable Claims

Petitioner's actual innocence and factual insufficiency claims turn on whether his conduct constituted a crime under Arizona law. The state court answered that question in the affirmative. (Ex. N, at 3; Ex. Q, at 3.) To the extent that Petitioner is contending that the trial court should have allowed him to withdraw from the plea because he was actually innocent or there was no factual basis for the plea as a matter of state law, his claim is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (reiterating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.").    The state-law based determinations of Petitioner's claims are

- 11 -

unamenable to federal review. *See Estelle*, 502 U.S. at 67–68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) (a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts). Petitioner's sparse allegations of actual innocence and factual insufficiency fail to assert a violation of the Due Process Clause or any other "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Petitioner provides no factual support demonstrating how the trial court's failure to give the instruction rises to the level of a due process violation. Resolution of Petitioner's insufficient factual basis and actual innocence claims clearly involve the application and interpretation of state law. As such, these claims are not cognizable on federal habeas review. Moreover, nothing about the allegations themselves demonstrates that any misconduct rose to the level of a constitutional violation. Having failed to assert that the alleged prosecutorial misconduct rose to the level of a due process violation, Petitioner's claim is not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67.

Because these claims are not amenable to federal review, the Court dismisses Grounds Two, Three and Four.

### D.   Conclusion

The Court dismisses Ground One (a), the claim that counsel was ineffective in failing to inform Petitioner that a no contest plea was actually a guilty plea, as procedurally defaulted. The Court dismisses Grounds Two through Four, for failure to

present a cognizable federal claim.  Respondents have requested that they be given the answer to file a supplemental answer on the merits if the Court rejects their affirmative defenses. Accordingly, the Court will allow Respondents to file a supplemental answer addressing the claim in Ground One (b) that Petitioner's counsel was ineffective for failing to inform him that the unlawful use of a power of attorney was a theft or felony offense

Accordingly,

IT IS ORDERED:

(1)     Ground One (a) and Grounds Two through Four are dismissed;

(2)     Respondents shall file a supplemental answer, addressing Ground One (b), within thirty days of the filing date of this order.

(3)     Petitioner may file a supplemental reply within thirty days from the date of service of the supplemental answer.

Dated this 26th day of March, 2014.


_____
Bernardo P. Velasco
United States Magistrate Judge

1
2
3
4
5

# Exhibit A

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOV - 4 2010

FILED
Nov 3, 2010
PATRICIA A. ROLAND, Clerk
_____
Deputy

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. JOHN S. LEONARDO                        CASE NO.    CR20080225
JUDGE

COURT REPORTER:    Deirdre Muzall            DATE:       November 03, 2010
                   Courtroom - 378

STATE OF ARIZONA                             Albert B Lassen, Esq. counsel for State

VS.

JEFFREY LEE MITCHELL                         Joy Athena, Esq. counsel for Defendant
      Defendant

---

## M I N U T E   E N T R Y

### HEARING RE: PETITION TO EXTEND PROBATION

Defendant present, out of custody.

Defendant's probation officer is present.

Counsel make statements to the Court.

The Court notes that the extension of time is being requested to allow additional time for the defendant to pay restitution. Once restitution is paid, the defendant may request an early termination of probation.

IT IS ORDERED that the petition is granted and the defendant's term of probation is extended for three (3) years with a new termination date of January 14, 2014, and under the same conditions of probation as previously imposed.

HON. JOHN S. LEONARDO

cc:    Albert B Lassen, Esq.
       Joy Athena, Esq.
       Adult Probation
       Clerk of Court - Accounting Unit
       Clerk of Court - Criminal Unit
       Pretrial Services

                                        Ruthann Wiggins
                                        Deputy Clerk