WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Lee Mitchell,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 12-0178-TUC-BPV<br><br>**ORDER** |

  On March 13, 2012, Petitioner, Jeffrey Lee Mitchell, filed a Petition titled "Ex Parte Habeas Corpus" ("Petition"). (Doc. 1.)[1] The Court dismissed the Petition with leave to amend. (Doc 5.) On June 4, 2012, Petitioner filed an amended petition ("Amended Petition"). (Doc. 6.) Respondents filed answer to the Amended Petition ("Answer") with exhibits A through U attached. (Docs. 17-18). Petitioner did not file a reply.

  In accordance with provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 19) On November 19, 2013, this matter was reassigned to Magistrate Judge Bernardo P. Velasco. (Doc. 20)

  On March 26, 2014, the Court entered an order finding the Petition timely but dismissing all but one ineffective assistance of counsel (IAC) claim as procedurally defaulted or for failing to present a cognizable claim. (Doc. 21.)  The Court directed

---

[1] "Doc." refers to the documents in this Court's file.

Respondents to file a supplemental answer, addressing the IAC claim (Ground One (b) as designated by this Court), and providing time for Petitioner to file a supplemental reply. (*Id.*) On April 25, 2014, Respondents filed a Supplemental Answer addressing the IAC claim in Ground One (b) on the merits. (Doc. 22.) Petitioner did not file a supplemental reply.

For the reasons discussed below, the Magistrate Judge dismisses the remaining claim in the Amended Petition, Ground One (b), and denies the Amended Petition in its entirety.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Proceedings in the Trial Court

Mitchell was charged with one count of theft and three counts of fraudulent scheme and artifice, arising from various real-estate transactions that the victim, S., had undertaken on Mitchell's advice. (See Ex. Q, at ¶ 2.) Mitchell executed a plea agreement in which he agreed to plead no contest to the amended charge of unlawful use of a power of attorney. (Ex. A, Ex. Q, ¶ 2.) That amended charge as presented in the plea agreement alleged that Mitchell had held a power of attorney from S. and had "committed theft by using or managing assets or property"—specifically, "revenue from the real property located at 1608 Oak Shadows"—with the intent to unlawfully deprive S. of that revenue. (Ex.A, at 1, Ext Q, at ¶ 2.) The plea agreement also expressly stated that the offense was "A Class Six Felony (Undesignated)," with a potential maximum sentence of 2 years' imprisonment, in accord with the statutorily prescribed sentence for a class six felony offense. (Ex. A, at 1–2.)

At the change-of-plea hearing, the trial court described the offense:

> The offense that is set forth in the plea agreement states that between February of 2004 and October of 2006 that you, doing business as Mitchell Finance, an agent, holding [S.'s] power of attorney, committed theft by using or managing assets or property with the intent to unlawfully deprive [S.] of that asset or property.

(Ex. B, at 9.) Subsequently, Mitchell's attorney stated to the court that there were aspects

of the charge that were incorrect. (*Id*. at 9-10.) Mitchell also stated to the court he did not "thoroughly" understand the charges. (*Id*. at 10.) In response, Mitchell was informed by the court that "[i]f this charge isn't correct, then it needs to be redrafted to be correct, but it won't do to substitute your verbal recitation of the charges to substitute for what's in the plea agreement." (*Id*. at 10-11.) While amending the charge, the court clarified, by asking Mitchell, "And is the thing of value that was the object of the theft revenue?" to which Mitchell replied, "Yes, it would have been what the higher rent would have been[– – t]he rent that was to be received by [S.] for the lease of the property." (*Id*. at 11) Corrections were made by the court to the plea agreement, and the Court read the charges as amended:

> Between February of 2004 and October of 2006 that you, holding [S.'s] power of attorney, committed theft by using or managing assets or property with the intent to unlawfully deprive her of that assert or property described as revenue from the real property located at 1608 Oak Shadows . . .

(*Id*. at 11-12.) Mitchell agreed that he understood the charges, and wished to plead no contest to the charge. (*Id*. at 12.)

The trial court also asked Mitchell during the hearing if he understood that he was pleading no contest to "a class six undesignated felony," and Mitchell responded affirmatively. (*Id*. at 3.) The court then expressly explained to Mitchell that, although "at some point the Court could designate the matter as a misdemeanor," the court could alternatively continue in its discretion to "treat[] [it] as a felony." (*Id*. at 5–6.) The court also expressly stated as future options the prescribed sentencing range for a class six felony offense and "the maximum fine that could be imposed on any felony," and that such measures reflected "the whole range of what could happen." (*Id*. at 3–4.) With respect to each of those pronouncements, Mitchell expressed his understanding and ultimately pled no contest to the felony theft charge. (*Id*. at 3– 4, 16.)

Following the no-contest plea but before sentencing, Mitchell moved to withdraw the no-contest plea, claiming that the State, through its agent, the DPS, had breached the terms of the plea in its denial of a fingerprint clearance card on grounds that Mitchell had

been convicted of a "theft." (Ex. D.) During the hearing on the motion, Mitchell testified that he did not recall the judge or anyone telling him this was a theft conviction, and would not have entered into a no contest plea if he had known this was going to be designated a theft conviction. (Ex. F, at 5.) Mitchell affirmed he had problems finding employment stating that, as a result of his plea, he was "a convicted felon." (*Id*., at 6.) The trial court denied the motion to withdraw, finding it "difficult to believe that there was not an understanding on part of the defendant that the nature of what he was pleading to at the time of the Change of Plea hearing was theft" and that defendant "knowingly, intelligently, and voluntarily entered into the plea agreement." (Ex. G.)

At the subsequent sentencing hearing, defense counsel, in Mitchell's presence, asked the court to re-designate the class six undesignated felony offense as a misdemeanor offense. (Ex. H, at 5.) The court declined to do so at that time but told Mitchell that if he successfully completed his probation term the court was imposing and fully paid the victim the restitution she was owed, it would "very likely" grant a future motion for early termination of probation and to re-designate the felony offense as a misdemeanor offense. (*Id*. at 5–6.) At no point during this colloquy specifically or the sentencing hearing generally did Mitchell indicate his confusion regarding the undesignated-felony-offense classification and/or its implications with respect to the offense of which he had pled no contest. (*Id*. at 5–7.) The court sentenced Petitioner to a 2-year term of probation.[2]  (Ex. H–I.)

### B.    Petition for Post-Conviction Relief

Petitioner filed a notice of post-conviction relief, (Ex. J), and, through counsel, filed a petition for post-conviction relief ("PCR") on October 9, 2009. (Ex. K.) Among other claims, Petitioner argued that his trial counsel had been ineffective in failing to inform him that he was pleading to a felony theft offense. (Ex. K) The trial court dismissed the PCR without a hearing, addressing the merits of the petition and finding

---

[2] This term of probation was extended for three years to January 14, 2014. See Hearing Re: Petition to Extend Probation, November 3, 2010, attached as Exhibit A to this Court's Order dated March 26, 2014.

- 4 -

ample evidence in the record indicating that Mitchell had been fully aware that he was pleading to theft, and found that neither Mitchell nor his counsel misunderstood that Petitioner was pleading no contest to a felony, rather than a misdemeanor, separate and apart from any action or inaction by defense counsel, and thus any deficiency on counsel's part was non-prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984). (Ex. N.)

On February 4, 2010, Petitioner filed a "Petition for Review from Denial of Post-Conviction Relief" with the Arizona Court of Appeals. (Ex. O.) Petitioner argued, among other claims, that the trial court had abused its discretion in dismissing Petitioner's claims of ineffective assistance of counsel and manifest injustice without a hearing. (Ex. O.) The court of appeals denied relief in a memorandum decision, concluding that the written plea agreement, the reporter's transcript of the change-of-plea hearing, and the record as a whole support the trial court's ruling. (Ex. Q, ¶ 6.)

The Arizona Supreme denied review of Mitchell's "Petition for Further Review from Denial of Post-Conviction Relief" and the mandate issued. (Ex. R-T.)

### C. Federal Habeas

On March 13, 2012, Petitioner filed an "Ex Parte Habeas Corpus" (the original Petition) which was dismissed with leave to amend. (Docs. 1-5) Petitioner filed an Amended Petition on June 4, 2012. (Doc. 6.) Petitioner presented four grounds in the Amended Petition in support of his request for habeas relief, all but one of which were dismissed by this Court on March 26, 2014. (See Doc. 21.) Petitioner asserts in the remaining claim, Ground One (b), that his counsel was ineffective for failing to inform him that the unlawful use of a power of attorney was a theft or felony offense. (Doc. 6, at 14-17.)

## II. DISCUSSION

### A. Standard of Review

Because Mitchell filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)

("AEDPA").

### B. Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). The Court addressed the issue of timeliness in the Court's prior order (Doc. 21), rejecting Respondents' argument and finding the grounds raised in the Amended Petition timely. *See* (Doc. 21 at 10).

### C. Exhaustion of State Remedies

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). Respondents have never asserted that Ground One(b) was not exhausted. See Docs. 17, 22). The Court finds Ground One (b) properly exhausted and amendable to review in this Court.

### D. Merits

Petitioner argues in the remaining claim of his Amended Petition that, as a result of his attorney's ineffective performance, he did not understand he was pleading to a felony or to a theft. (Doc. 6, at 9.) Respondents maintain that this Court should defer to the state court's factual findings, supported by the objective evidence in the record, and conclude that the state court's finding, that Petitioner was aware of the nature of the offense of which he pled no contest, and thus any deficiency on counsel's part was non-prejudicial, was not unreasonable. (Doc. 22)

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication was either (1) "contrary to" clearly established federal law as determined by the Supreme Court, (2) "involved an unreasonable application of such law," or (3) "was based on an

unreasonable determination of the facts in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011) (quoting 28 U.S.C. § 2254) (internal quotation marks omitted).

Because the relevant state court decision is the last reasoned state decision regarding a claim, the Court reviews the appellate court's ruling on Petitioner's petition for review (Doc. Q.) *See Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

*Strickland,* 466 U.S. 668, is the clearly established law for IAC claims. *See Richter*, 562 U.S. at ---, 131 S. Ct. at 780. When, as here, a defendant alleges IAC during a plea process, the two-part test in *Strickland* applies. *Wright v. Van Patten*, 552 U.S. 120, 128 (2008); *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985). To prevail on a claim of IAC, "a defendant must show both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (citing *Strickland*, 466 U.S. at 687).

The Court need not address both components of the test if petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Thus, a court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. *See Smith v. Robbins*, 528 U.S. 259, 286 n.14. (2000) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") (quoting *Strickland*, 466 U.S. at 697). For reasons explained below, the Magistrate Judge finds that it is only necessary to address the prejudice prong to resolve Petitioner's IAC claim.

To establish prejudice, a prisoner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id*. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, --- U.S. ---, 131

S.Ct. 1388, 1403 (2011) (quoting *Richter*, 562 U.S. at ---, 131 S.Ct. at 791). In the context of guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59.

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor,* 529 U.S. 362, 407 (2000). For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan,* 550 U.S. at 473; *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claims on the merits." *Pinholster*, 131 S. Ct. at 1898.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based upon an unreasonable determination of the facts. *Miller–El v. Dretke,* 545 U.S. 231, 240 (2005) (*Miller–El II* ). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell,* 537 U.S. 322, 340 (2003) (*Miller–El I* ); *see Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan,* 550 U.S. 465, 473–74 (2000); *Miller–El II,* 545 U.S. at 240.

In the context of a habeas petition, a petitioner must do more than demonstrate to the federal court that the State court applied *Strickland* incorrectly. *Bell v. Cone*, 535 U.S.

- 8 -

685, 698-99 (2002). Rather, a petitioner must show the State court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*. Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Richter*, 562 U.S. at ---, 131 S. Ct. at 788 (citations omitted); *Mirzayance,* 556 U.S. at 123 (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2004)(*per curiam*)). In reviewing a state court's resolution of an IAC claim, the Court considers whether the state court applied *Strickland* unreasonably:

> For [a petitioner] to succeed [on an ineffective assistance of counsel claim], ... he must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.

*Cone*, 535 U.S. at 698-99 (citations omitted). The petitioner bears the burden of proving his case, and must convince the district court by a preponderance of evidence of the facts underlying the alleged constitutional error. *See Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (citing *McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994)). Given the uncertainty involved in plea negotiations, deference to the appellate court's determination is significant. *See Premo v. Moore*, 562 U.S. 115, 131 S.Ct. 733, 744 (2011) ("The stakes for defendants are high, and many elect to limit risk by forgoing the right to assert their innocence.").

The Arizona Court of Appeals did not expressly rely on *Strickland* in its Memorandum Decision; however, it expressly affirmed the trial court's findings which did rely on *Strickland*. The court of appeals adopted the trial courts findings and analysis of Petitioner's claims, and concluded that Petitioner had failed to demonstrate that the trial court abused its discretion in summarily denying Petitioner's PCR. (Ex. Q, at ¶ 7)(citing *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).) The trial court applied the *Strickland* standard in addressing Mitchell's IAC claims. (Ex. N, at 3–4.) Having reviewed the record, the Court finds that the state court did not unreasonably apply

*Strickland*.

The state court reasonably held that trial counsel's alleged failure to inform him of the nature and consequences of his plea did not result in prejudice to Petitioner. As the court of appeals noted in its memorandum decision affirming the denial of post-conviction relief, Mitchell's IAC claims were "heavily fact-dependent" and in a large measure, a "request that [the court] reweigh the evidence in the record." (Ex. Q, at ¶ 7.) The record, as described above, objectively supports the court's findings given that Mitchell was informed both by the plea agreement and the trial court personally that he was pleading to a felony theft offense, "irrespective of Petitioner's claim that his counsel was unaware that the crime constituted a theft" (Ex. N, at 2). Because Mitchell was aware of the nature of the offense of which he pled no contest, any deficiency on counsel's part was clearly non-prejudicial, as the state court reasonably found. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Petitioner has presented nothing to show that the Court of Appeals decision regarding his ineffective assistance claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts.

Based on the foregoing,

IT IS ORDERED that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) is DENIED and DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 6th day of October, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge